United States District Court
For the Northern District of California

1
2
3
4
5
6                         UNITED STATES DISTRICT COURT
7                        NORTHERN DISTRICT OF CALIFORNIA
8
9
10
11  AMYLEA S. ENG,
12           Plaintiff,                         No. C 09-3657 PJH
13       v.                                     **ORDER**
14  BANK OF AMERICA HOME LOANS,
    et al.,
15
             Defendants.
16  _____/

17       The motion of defendant BAC Home Loans Servicing, LP (sued as Bank of America
18  Home Loans) for an order dismissing the claims asserted against it in the first amended
19  complaint came on for hearing before this court on March 10, 2010.  Plaintiff appeared by
20  her counsel Kimberlee A. Rode, and defendant appeared by its counsel David N. de Ruig.
21  Having read the parties' papers and the relevant legal authority, the court rules as follows
22  for the reasons stated at the hearing.
23       The first cause of action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601,
24  et seq., fails to state a cause of action for either damages or rescission, as both claims are
25  time-barred.  See 15 U.S.C. § 1640(e) (one-year limitation period for damages); 15 U.S.C.
26  § 1635(f) (three-year limitation period for rescission); see also 12 C.F.R. § 226.23(a)(3)
27  (same).  In addition, plaintiff fails to state a claim for rescission because she fails to allege
28  any facts supporting an ability to tender the loan proceeds.  See 15 U.S.C. § 1635(b); 12

1  C.F.R. § 226.23(d).

2      The second cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., fails to state a claim because the March 2, 2009 letter from the "mortgage litigation consultant" did not constitute a qualified written request and did not impose any obligation on defendant, as it did not demand information about loan servicing or identify any RESPA servicing issue. See 12 U.S.C. § 2605(e)(1).

      The third cause of action for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et seq., fails to state a claim, because non-judicial foreclosure is not the action of a debt collector under the RFDCPA. See Izenberg v. ETS Servs., LLC, 589 F.Supp. 2d 1193, 1199 (C.D. Cal. 2008). Moreover, the RFDCPA prohibits the "initiating [of] communications, other than statements of account," with a debtor who has informed the creditor that he/she is represented by an attorney. Cal. Civ. Code § 1788.14(c). Here, plaintiff does not allege that defendant sent her any communications unrelated to her account, or that she informed defendant that she was represented by an attorney.

      The fourth cause of action under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., fails to state a claim because plaintiff does not allege facts showing that she has standing to assert this claim. Specifically, she does not allege any injury resulting from a loss of money or property. See Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1590 (2008). In addition, plaintiff bases the UCL claim on the statutory violations alleged in the first through third causes of action. Since those claims fail, the UCL claim fails as well.[1]

      The sixth cause of action for slander of credit fails to state a claim because it is based on credit reporting, and as such, is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681. See Sanai v. Saltz, 170 Cal. App. 4th 746, 773 (2009).

---

[1] Further, to the extent that plaintiff may be seeking to tether her UCL claim to the alleged TILA and RESPA violations, the UCL claim would be preempted. See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008).

Defendant BAC Home Loans Servicing, LP (sued as Bank of America Home Loans) is DISMISSED from the case. No later than April 30, 2010, plaintiff may file a second amended complaint, substituting in the defendant lender for defendant "Lender Doe." No enlargement of claims will be permitted.

**IT IS SO ORDERED.**

Dated: March 30, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge